UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

CASE NO:

_____

FRANK LAMB,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,
SCOTT S. KATZMAN, MD, and
ADVANCED ORTHOPEDICS &
PAIN MANAGEMENT, PL

    Defendants.

_____

## COMPLAINT

Plaintiff, FRANK LAMB by and through the undersigned counsel, sues Defendants, UNITED STATES OF AMERICA by and through its employee and/or agent, SCOTT S. KATZMAN, MD, ("KATZMAN") and ADVANCED ORTHOPEDICS & PAIN MANAGEMENT, PL  (ADVANCED) and states as follows:

### JURISDICTION AND VENUE

1.    The subject incident occurred in Palm Beach County, Florida.

2.    This is an action arising under the Federal Tort Claims Act (hereinafter "FTCA") and Florida state law.

3. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1346(b) and supplemental jurisdiction of state law claims under 28 U.S.C. § 1367(a).

4. Jurisdiction is founded upon federal law is proper in that this action is premised upon federal causes of action against Defendant, UNITED STATES, under the FTCA, 28 U.S.C. § 2671, *et. seq.*

5. Venue in the Southern District of Florida is proper pursuant to 28 U.S.C. §1391(b), §1391(e)(1), and §1402(b).

6. At all times relevant herein, Plaintiff, LAMB, was a citizen of the United States, residing in St. Lucie County, Florida.

7. At all times relevant herein, upon information and belief, Defendant, KATZMAN was a citizen of the United States, a Florida licensed medical doctor with a specialty in orthopedic surgery, and a medical office in Palm Beach County.

8. On or about April 6, 2018, LAMB presented his claim to the Veterans Administration ("VA"), the appropriate federal agency for administrative settlement under the FTCA, comprising of a completed Standard Form 95.

9. On June 4, 2018, the VA denied Plaintiff's claim set forth in the above-referenced Standard Form 95.

10. This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency (VA) within two (2) years of accrual, and that this action was filed within six (6) months of the date of the VA's denial of the Plaintiff's claim.

11. LAMB has complied with the statutory requires of Chapter 766, *Florida Statutes*, in that he served KATZMAN and ADVANCED with statutory notice of intent on or about April 6, 2018 and on or about July 2, 2018 KATZMAN and ADVANCED denied LAMB's claim.

12. That all additional statutory requirements and conditions precedent have been met and/or complied with.

13. That this is an action for damages in the amount of SEVEN HUNDRED AND FIFTY THOUSAND ($750,000.00) DOLLARS, on behalf of LAMB, exclusive of interest and costs.

## FACTUAL BACKGROUND

14. LAMB has been a patient at the VA in West Palm Beach for over 20 years.

15. LAMB has had chronic lower back pain for a number of years and received care and treatment at the VA.

16. VA physicians treated LAMB with epidural injections in March 2015, July 2015 and January 2016.

17. VA pain management physician(s) recommended a spine surgery consult for LAMB.

18. Upon information and belief, the VA did not have an available spine surgeon at the West Palm Beach facility to consult with LAMB.

19. The VA referred LAMB to KATZMAN through the Veterans Administration Choice Program.

20. LAMB did not choose KATZMAN and request approval from the VA, instead it was the VA's choice for LAMB to see KATZMAN.

21. KATZMAN evaluated LAMB on March 31, 2016 and April 18, 2016.

22. KATZMAN recommended that LAMB undergo a multi-level lumbar spine surgery.

23. On May 19, 2016, KATZMAN performed lower back surgery on LAMB and injured LAMB's cauda equina.

24. As a result of the cauda equina injury, LAMB experienced and continues to experience pain, lower extremity weakness and bladder issues.

25. Prior to filing this matter, LAMB requested all credentialing and employment documentation from the VA setting forth the relationship between the VA and KATZMAN. On April 23, 2018, the VA stated that it was processing LAMB's request, and to date, the VA has not provided a response.

26. Prior to filing this matter, KATZMAN has taken the position that the VA is responsible for his care and treatment related to LAMB.

## COUNT I
## FEDERAL TORT CLAIMS ACT

27. LAMB incorporates by reference rhetorical paragraphs 1-26 herein.

28. Upon information and belief, at all times relevant herein, KATZMAN was an employee and/or agent of the VA when he provided medical care and treatment to LAMB.

29. Upon information and belief, at all times KATZMAN rendered medical care to LAMB he was acting on behalf of the VA and within the course and scope of his agreement with the VA.

30. Upon information and belief, based on the relationship between the KATZMAN and the VA, the United States is responsible for any negligent acts or omissions of KATZMAN.

31. At all times relevant herein, KATZMAN owed LAMB a duty of care.

32. KATZMAN deviated from the applicable standard of care, in one or more of the following ways:

    (a) selection of the procedure(s) performed;

    (b) substandard performance of the surgery injuring LAMB's nerve root(s);

    (c) failing to appropriately expose the L3-L4 area in order to identify and protect the nerve roots when performing the interbody fusion; and/or

    (d) failing to timely recognize cauda equina syndrome in his patient.

33. As a direct and proximate result of KATZMAN'S negligence, LAMB was harmed, incurred hospital and medical expenses, suffered bodily injury, humiliation, embarrassment, physical and mental pain, anguish, in the past and will continue to experience these in the future.

WHEREFORE, LAMB demands judgment against the UNITED STATES OF AMERICA/VETERANS ADMINISTRATION for compensatory damages, applicable costs and all other just and proper relief.

### COUNT II – MEDICAL MALPRACTICE/KATZMAN

34. LAMB incorporates by reference rhetorical paragraphs 1,6,7,11, and 14-24 herein.

35. At all times relevant herein, KATZMAN owed LAMB a duty of care.

36. KATZMAN deviated from the applicable standard of care, in one or more of the following ways:

> (a) selection of the procedure(s) performed;
>
> (b) substandard performance of the surgery injuring LAMB's nerve root(s);
>
> (c) failing to appropriately expose the L3-L4 area in order to identify and protect the nerve roots when performing the interbody fusion; and/or
>
> (d) failing to timely recognize cauda equina syndrome in his patient.

37. As a direct and proximate result of KATZMAN'S negligence, LAMB was harmed, incurred hospital and medical expenses, suffered bodily injury, humiliation, embarrassment, physical and mental pain, anguish, in the past and will continue to experience these in the future.

WHEREFORE, LAMB demands judgment against KATZMAN for his compensatory damages, applicable costs, and all other just and proper relief.

### COUNT III – MEDICAL MALPRACTICE/VICARIOUS LIABILITY ADVANCED ORTHOPEDICS & PAIN MANAGEMENT, PL

38. LAMB incorporates by reference rhetorical paragraphs 1,6,7,11,14-24 and 34-37 herein.

39. At all times relevant herein, ADVANCED was a Florida registered Professional Liability Company.

40. Upon information and belief, at all times relevant herein, KATZMAN was an employee and/or agent of ADVANCED.

41. Upon information and belief, at all times relevant herein, KATZMAN was working with the course and scope of his employment with ADVANCED when he performed medical care and treatment on LAMB.

42. Because of the nature of the relationship between ADVANCED and KATZMAN, ADVANCED is responsible for any of KATZMAN'S negligent acts and/or omissions under the doctrine of respondeat superior.

WHEREFORE, LAMB demands judgment against ADVANCED for his compensatory damages, applicable costs, and all other just and proper relief.

**JURY DEMAND**

Plaintiff, FRANK LAMB, demands trial by jury as to his pendent state law claims.

Respectfully submitted,

*Guy S. DiMartino*
Guy S. DiMartino
Fla. Bar. No 451827
Guy S. DiMartino, DC, JD, PA
918 W. Main Street
Leesburg, FL 34748
P: (352) 267-9168
F: (866) 887-3026
Email: gsd@gsdimartino.com
Co-counsel for Plaintiff

/s/ Jordan R. Wagner
Jordan R. Wagner
Fla. Bar. No. 14852
Kibbey Wagner
416 SW Camden Ave.
Stuart, FL 34994
P: (772) 286-0023
F: (772) 872-5185
Email: jwagner@kibbeylaw.com
Co-counsel for Plaintiff